UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

WAYNE J. MORUZIN,            )
                             )
            Plaintiff,       )
                             )
vs.                          )        2:12-cv-19-WTL-DKL
                             )
UNITED STATES PENITENTIARY   )
  TERRE HAUTE,               )
                             )
            Defendant.       )

**Entry and Order Dismissing Action**

**I.**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This is a lawsuit about prison conditions and plaintiff Moruzin has confirmed that the documents appended to his filing of May 16, 2012, relate to the claims he asserts in this case. As noted in the Entry of September 4, 2012:

> Those documents show unmistakably that Moruzin remained in the process of exhausting administrative remedies at that time—months after the case was filed on January 30, 2012.

Moruzin was therefore given an opportunity in which to explain why the action should not be dismissed as premature. He responded, but as explained in the Entry of October 4, 2012, he "respond[ed] . . . with accusations and generalities. This is not responsive to the opportunity he was given, and in any event does not suffice." After

being notified of this deficiency, Moruzin was given a further period of time in which to show cause why the action should not be dismissed as premature. This time, he did not respond at all.

Moruzin was in the process of exhausting administrative remedies months after this action was filed. The exhaustion of administrative remedies is a process which must be complete before a lawsuit is filed. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.") (internal citations omitted).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Moruzin's action should not have been brought and must now be dismissed without prejudice. *See id.* at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). A party may plead himself out of court by pleading facts that show he has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to 28 U.S.C. § 1915A(b), and judgment consistent with this Entry shall now issue.

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/19/12

*(signature)* William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Wayne J. Moruzin
40989-050
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808